**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

WILLIAM CALHOUN, )
)
Petitioner, )
)
v. ) No. 4:22-CV-1155-PLC
)
RICHARD ADAMS, )
)
Respondent. )

**MEMORANDUM AND ORDER FOR PETITIONER TO SHOW CAUSE**

This matter is before the Court upon review of petitioner William Calhoun's motion for leave to proceed *in forma pauperis*, and Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. The Court has considered the motion, and concludes that Petitioner is unable to pay the filing fee. The Court will therefore grant the motion. Additionally, the Court will order petitioner to show cause why this action should not be dismissed, without prejudice, due to his failure to exhaust available state remedies.

**Background**

Petitioner William Calhoun, inmate number 1046218, is an inmate at the Eastern Reception, Diagnostic and Correctional Center ("ERDCC"). He filed the petition pursuant to 28 U.S.C. § 2254 to challenge the August 26, 2022 judgment entered in the matter *State v. Calhoun*, No. 2022-CR01986-01 (22nd Jud. Cir. 2020). Briefly, he claims entitlement to relief under 28 U.S.C. § 2254 based upon violations of his Fourth, Sixth, and Fourteenth Amendment rights.

Petitioner avers he has filed a direct appeal for the judgment he is challenging, and he can be understood to aver he has also filed a motion for post-conviction relief. Additionally, he placed a check mark to concede that he currently has a "petition or appeal now pending" for the judgment

he is challenging. *See* (ECF No. 1 at 11). Consistent with Petitioner's averments, independent review of records publicly available on Missouri Case.net shows that Petitioner's direct appeal and post-conviction proceedings are currently pending in the Missouri state courts. *See State v. Calhoun*, No. ED110954 (Mo. Ct. App. 2022) (direct appeal proceedings) and *Calhoun v. State*, No. 2222-CC09483 (22nd. Jud. Cir. 2022) (post-conviction proceedings).[1]

**Discussion**

In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). State remedies are ordinarily not considered exhausted if a state prisoner may effectively present his claim to the state courts by any currently available and adequate procedure.

In this case, Petitioner's direct appeal and post-conviction proceedings remain pending in the Missouri state courts. He therefore has available state procedures he must exhaust before invoking federal jurisdiction to bring the claims he can be understood to bring in the instant petition. As a result, the Court will direct Petitioner to show cause why the instant petition should not be dismissed, without prejudice, due to his failure to exhaust available state remedies.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion seeking leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner shall show cause, in writing and within twenty-one (21) days of the date of this order, why the Court should not dismiss the instant petition

[1] The Court takes judicial notice of these public state records. *See Levy v. Ohl*, 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (courts "may take judicial notice of judicial opinions and public records.").

without prejudice due to his failure to exhaust available state remedies.

**Petitioner's failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of November, 2022