UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM CALHOUN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:22-CV-1155-PLC |
| ) | |
| RICHARD ADAMS, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of petitioner William Calhoun's motion to withdraw his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. (ECF No. 8). For the reasons explained below, Petitioner's motion will be granted, and this matter will be dismissed without prejudice.

### Background

Petitioner William Calhoun, inmate number 1046218, is an inmate at the Eastern Reception, Diagnostic and Correctional Center ("ERDCC"). He initiated this action by filing a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus to challenge the August 26, 2022 judgment entered in the matter *State v. Calhoun,* No. 2022-CR01986-01 (22nd Jud. Cir. 2020).

In the petition, Petitioner stated he filed a direct appeal for the challenged judgment and could be understood to state he also filed a motion for post-conviction relief. He also placed a check mark to acknowledge he currently had a "petition or appeal now pending" for the challenged judgment. *See* (ECF No. 1 at 11). Consistent with Petitioner's averments, independent review of records publicly available on Missouri Case.net showed that Petitioner's direct appeal and post-conviction proceedings are currently pending in the Missouri state courts.

*See State v. Calhoun,* No. ED110954 (Mo. Ct. App. 2022) (direct appeal proceedings) and *Calhoun v. State,* No. 2222-CC09483 (22nd. Jud. Cir. 2022) (post-conviction proceedings).[1]

On November 21, 2022, the Court entered an order noting that Petitioner had currently available state procedures he must exhaust before invoking federal jurisdiction to bring the claims he could be understood to bring in the instant petition. The Court gave Petitioner the opportunity to show cause why the instant petition should not be dismissed, without prejudice, due to his failure to exhaust available state remedies. On that same date, obviously before Petitioner received the Court's order, he filed a motion seeking to amend his original petition. That motion contained nothing showing that the relevant state proceedings were resolved or that Petitioner had exhausted available state remedies, nor did it demonstrate the existence of exceptional circumstances. *See* (ECF No. 7).

On or about December 5, 2022, within the time provided for Petitioner to respond to the Court's order to show cause, Petitioner filed the instant motion seeking to withdraw his petition. (ECF No. 8). In the motion, Petitioner states that after consulting with his attorney, he "would like to withdraw" the petition in order to "allow my direct appeal/post-conviction to run its course upon advice from my counsel." *Id.* at 1. Petitioner further states he is "asking that the Motion I filed be denied so that I can first exhaust the available state remedies afforded to me." *Id.* In conclusion, Petitioner writes: "Again, I will like to exhaust all of the available state remedies afforded to me and then address my Writ of Habeas Corpus in its proper legal stage if warranted." *Id.*

---

[1] As of the date of this Memorandum and Order, those proceedings remain pending. The Court takes judicial notice of these public state records. *See Levy v. Ohl,* 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of public state records); *Stutzka v. McCarville,* 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (courts "may take judicial notice of judicial opinions and public records.").

## Discussion

In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). State remedies are ordinarily not considered exhausted when, as here, the petitioner may effectively present his claim to the state courts by any currently available and adequate procedure.

In this case, Petitioner's direct appeal and post-conviction proceedings remain pending in the Missouri state courts. He therefore has available state procedures he must exhaust before invoking federal jurisdiction to bring the claims he could be understood to bring in the instant petition. Petitioner has now affirmatively acknowledged that, and has moved the Court to withdraw the instant petition to allow him to do so. The Court will grant the instant motion, and will order this case dismissed, without prejudice, due to Petitioner's failure to exhaust available state remedies.

The Court has considered whether to issue a certificate of appealability. When as here a federal court dismisses a habeas corpus application on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). No such showing is made here. The Court will therefore not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion seeking to withdraw the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (ECF No. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice due to Petitioner's failure to exhaust available state remedies. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that Petitioner's motion to amend (ECF No. 7) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 7th day of December, 2022.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE